UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

     v.                                                                                5:18-MJ-602 (ATB)

DARREN L. HIGHTOWER,
                         Defendant.
_____

MICHAEL J. GADARIAN, Ass't U.S. Attorney
RANDI JUDA BIANCO, Ass't Fed. Public Defender, for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

Pursuant to Northern District of New York Local Criminal Rule 58.1(a)(2)(K) and 28 U.S.C. § 636(b)(3), this court recommends, for the following reasons, that Hon. Glenn T. Suddaby, Chief U.S. District Judge, find that the defendant, after a period of mental health evaluation, is currently competent to stand trial, and order that pretrial proceedings resume.

**I.    Background**

On October 15, 2018, defendant Darren L. Hightower was charged, by complaint, with assault on a federal employee, in violation of 18 U.S.C. § 111(a)(1) and (b).  (Dkt. No. 1).  At the initial appearance on October 16th, defense counsel expressed great concerns about defendant's competency to assist counsel in defending him in ongoing proceedings, and requested that defendant be referred for evaluation to determine whether he was competent to stand trial and criminally responsible at the

time of the offense.  The government interposed no objection to the application of defense counsel and the court, based on observations of the defendant in the courtroom, agreed with the defense recommendation.  (10/16/2018 Text Minute Entry).  On October 17th, this court entered an order committing defendant for a 45-day psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(a), 4242(a), and 4247(b) to determine defendant's competency and his criminal responsibility at the time of the offense.  (Dkt. No. 10).

On November 19, 2018, the defendant arrived at the Metropolitan Correctional Center in New York, New York ("MCC"), and was evaluated through January 10, 2019 by Dr. Samantha E. DiMisa, Ph.D., a licensed psychologist, and other treatment staff at MCC.[1]  A forensic report regarding the psychological competency evaluation of the defendant, dated January 16, 2019 ("Competency Report"), was received by the court, made available to counsel for both parties, and filed under seal, on or about January 17th.  (Dkt. No. 15).[2]  For reasons stated in the forensic report, Dr. DiMisa opined that defendant was currently competent to proceed in this criminal case. (Competency Report at 23).

On February 1, 2019, this court conducted a competency hearing, at which defendant appeared in person.  The parties agreed that the opinion of Dr. DiMisa

---

[1] Officials at MCC requested, and were granted, an extension of time to complete the evaluation of the defendant due to the delays in his transport to MCC and the high volume of cases. (Dkt. Nos. 12, 13).

[2] A separate report on defendant's criminal responsibility evaluation was also received by the court, provided to counsel, and filed under seal. (Dkt. No. 15-1).

could be presented through her January 16, 2019 competency report, and waived their right to examine Dr. DiMisa. Having had an opportunity to consult privately with her client, defense counsel agreed that defendant appeared, as a result of his detoxification and a period of time when he was not using controlled substances, to now be competent to understand and assist counsel in connection with the pretrial proceedings and any trial in this case. The government had no objection to a finding that defendant was now competent to proceed. Based on the consensus that defendant was currently competent, and having an opportunity to review the court's intended recommendation, both parties agreed to waive their right to have fourteen days within which to object to a Report-Recommendation by this court that defendant be found competent by Chief Judge Suddaby.

## II.    Applicable Legal Standards

The question presented here is whether the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ." 18 U.S.C. § 4241(d). A defendant's incompetence must be established by a preponderance of the evidence. *Id*.; *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). The issue of competence focuses on whether a defendant possesses "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402

(1960)).

In determining competence, the court may consider a number of factors, including medical opinions, the court's observations of a defendant in court, and observations of a defendant by others in unguarded moments. *United States v. Hemsi*, 901 F.2d 293, 295-96 (2d Cir. 1990); *United States v. Villegas*, 899 F.2d 1324, 1341-43 (2d Cir. 1989). The court's determination of competence will be reversed only if clearly erroneous. *Nichols*, 56 F.3d at 411. If the court finds that a defendant is not currently competent, the judge shall commit the defendant to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

**III.   Analysis**

Forensic Psychologist, Dr. DiMisa, issued a comprehensive report regarding the period of evaluation of the defendant by the MCC mental health staff, from November 20, 2018 to January 10, 2019. Dr. DiMisa concluded, for reasons stated in her report:

> Regarding the issue of Competency to Stand Trial, it is the opinion of this evaluator with a reasonable degree of psychological certainty, Mr. Hightower currently possesses a factual and rational understanding of the proceedings against him, has the capacity to assist legal counsel in his defense, and can adequately make decisions regarding his legal strategy.

(Competency Report at 18-23). Although Dr. DiMisa concluded that defendant met "the criteria for a Mental Defect under the law, specifically, Intellectual Disability,

4

Mild, . . . [h]e currently does not present with a Mental Disease under the law." (*Id.* at 23). She reported that the defendant was "well-managed" during the evaluation period without any psychotropic medication, and observed that his "abuse of substances appears to cause marked impairment in his daily living." (*Id*. at 18). Defendant demonstrated "insight into the detrimental effect substances has had on his life" and he displayed interest in motivation in substance abuse treatment. (*Id*.). Dr. DiMisa concluded that the defendant "would benefit from substance abuse treatment based on his extensive history of substance use." (*Id.* at 23).

Dr. DiMisa's report establishes, by a preponderance of the evidence, that the defendant appears to have a rational appreciation of the potential consequences of the proceedings against him and is presently capable of assisting properly in his own defense. The court's brief observation and questioning of the defendant, during the February 1st hearing, suggests that his comprehension and understanding of the legal proceedings has substantially improved following a period of several months while he was not abusing controlled substances, and supports Dr. DiMisa's conclusion that plaintiff is competent. After meeting with defendant, defense counsel apparently agrees with the conclusion of Dr. DiMisa and the court.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that defendant be found **competent** to stand trial and that pretrial proceedings in this case resume, and it is further

**ORDERED**, that, due to the sensitive nature of the information contained in the reports of the treating forensic psychologist, the January 16, 2019 forensic reports of

Dr. DiMisa (Dkt. Nos. 15, 15-1) remain under seal, and it is further

**ORDERED**, that all the time associated with the competency/criminal responsibility evaluation of defendant, from the October 16, 2018 initial appearance, through the date of Chief Judge Suddaby's decision with respect to this Report-Recommendation, be excluded for purposes of any Speedy Trial Act computation in this matter, pursuant to 18 U.S.C. § 3161(h)(1)(A).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. The parties having knowingly and voluntarily waived that right on the record, the Clerk is directed to immediately deliver this Report and Recommendation to Chief Judge Glenn T. Suddaby, for his consideration without the normal waiting period of fourteen days.

Dated: February 1, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge